IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| | * | |
| MARY T. NEWSOM, | | |
| | * | |
| Plaintiff, | | |
| | * | |
| v. | | Civil Action No. PX-17-2530 |
| | * | |
| | * | |
| BROCK & SCOTT, PLLC, | * | |
| *et al.*, | | |
| | * | |
| Defendants. | | |

\*\*\*\*\*\*

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff MARY T. NEWSOM's motion to remand this action to the Circuit Court for Prince George's County, ECF No. 14. Defendants BROCK & SCOTT, PLLC and CAPITAL ONE BANK, N.A. oppose the motion, and have also filed motions to dismiss. ECF Nos. 16, 17, 18, 19. The issues are fully briefed, and the Court rules under Loc. R. 105.6 because a hearing is not necessary. For the reasons that follow, the Court GRANTS Plaintiff's motion and remands this case to the Circuit Court for Prince George's County for further proceedings.

**I.    BACKGROUND**

This case arises out of a loan secured by property located at 13010 Old Fletchertown Road, Bowie, Maryland 20720 (the "Property"), presently the subject of a foreclosure action in the Circuit Court for Prince George's County. *See Brock & Scott, PLLC v. Newsom*, Docket No. CAEF17-11086  (Cir. Ct. Prince George's Cty.); *see also* ECF Nos. 16 & 17. Defendant Capital One Bank, N.A.  ("Capital One") is the mortgage lender that issued a loan secured by the

1

property, and Defendant Brock & Scott, PLLC ("Brock & Scott") is its authorized agent.  ECF No. 2.

From July 17, 1979, through May 2015, Plaintiff Mary T. Newsom ("Plaintiff") and her late husband, Leslie T. Newsom ("Mr. Newsom") held legal title in the Property as tenants by the entirety, and the Property's legal title is now vested wholly with Plaintiff.  ECF No. 2 at ¶¶ 5, 33.  Plaintiff alleges that on or about October 25, 2011, Mr. Newsom obtained a $50,000 loan ("the Loan") from Capital One without her knowledge, using the Property's Deed of Trust as collateral, and forged her signature on the Deed of Trust and Finance Affidavit.  *Id.* at ¶¶ 18–24. Plaintiff further alleges that Capital One concealed the Loan from her, and did not record its security interest in the Property before Mr. Newsom's death or with his estate after his death.  *Id.* at ¶¶ 19 – 24.  As a result, Plaintiff first learned of the Loan in early 2016, a year after her husband's passing.  *Id.* at ¶ 34.

At or around August 18, 2016, Defendants notified Plaintiff of their intent to foreclose on the Property, and  foreclosure proceedings were initiated in the Circuit Court for Prince George's County, Maryland, on May 5, 2017.  *See Brock & Scott, PLLC v. Newsom*, Docket No. CAEF17-11086.  The Affidavit of Indebtedness filed in the foreclosure action indicates that $53,178.14 is owed on the Loan.  *Id.*; *see also* ECF No. 17 at 6.

On August 11, 2017, Newsom filed a Complaint against Defendants in the Circuit Court for Prince George's County, Maryland, alleging that Defendants' actions before and during the ongoing foreclosure proceedings violate the Maryland Consumer Protection Act ("MCPA"), Maryland Consumer Debt Collection Act ("MDCA"), and Maryland Mortgage Fraud Protection Act ("MFFPA").  ECF No. 2.  The Complaint requests declaratory relief and damages, "inclusive

of attorneys' fees and costs, in a sum of $74,500.00, cumulative of all claims asserted herein against all Defendants." ECF No. 2 at ¶¶ 62, 68, 78, 89.

On August 31, 2017 Defendants removed the case to this Court on grounds of diversity and federal question jurisdiction. ECF Nos. 1 & 7. On September 21, 2017, Newsom moved to remand, arguing that the plain language of her Complaint makes clear she is seeking "no greater than $74,500 for 'all' claims," and that her suit arises purely under Maryland law. ECF No 14-1. Defendants timely opposed, ECF Nos. 16 & 17, and then filed motions to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6), ECF Nos. 18 & 19.

## II.   STANDARD OF REVIEW

State court actions which originally could have been filed in federal court may be removed pursuant to 28 U.S.C. § 1441. *Caterpillar v. Williams*, 482 U.S. 386, 392 (1987); *Mulcahey v. Columbia Organic Chemicals Company, Inc.*, 29 F.3d 148, 151 (4th Cir.1994). The removing party bears the burden of demonstrating the existence of federal jurisdiction over the action. *Strawn v. AT & T Mobility, LLC*, 530 F.3d 293, 296 (4th Cir.2008). "A court is to presume, therefore, that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." *United States v. Poole*, 531 F.3d 263, 274 (4th Cir.2008) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)). The "burden of establishing subject matter jurisdiction is on . . . the party asserting jurisdiction." *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir.2010); *accord McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir.2010). Further, "[b]ecause removal jurisdiction raises significant federalism concerns, [the court] must strictly construe removal jurisdiction." *Mulcahey*, 29 F.3d at 151.

**III.     ANALYSIS**

Defendants argue that this Court has both federal question and diversity jurisdiction over Plaintiff's Complaint, making removal proper under 28 U.S.C. § 1331 and 28 U.S.C. § 1332. The Court addresses each in turn.

Federal question jurisdiction under 28 U.S.C. § 1331 arises only in "those cases in which a well-pleaded complaint establishes either that federal law creates a cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question to federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983); 28 U.S.C. § 1331. Here, Capital One argues that federal question jurisdiction exists because the Complaint "will require resolution of significant, disputed issues arising under federal law," ECF No. 1. at ¶¶ 18, 22, and directs the Court to a single paragraph in the fact section of Plaintiff's Complaint alleging that Capital One violated its duties under the Real Estate Settlement Procedures Act ("RESPA"). *See* ECF Nos. 17 at 8–9 & 2 at ¶ 50. Capital One does not dispute that the Complaint, at its core, is a challenge to Defendants' right to foreclose on Plaintiff's Property in state court, and that the claims asserted by the Complaint arise purely under state law. *See generally* ECF No. 17; *see also* ECF No. 2.

The Complaint's sole reference to a federal statute cannot sustain federal question jurisdiction when the gravamen of the Complaint clearly centers on alleged state-law violations. "The fact that the [C]omplaint references, or is some part based upon, federal law, does not mean that this case 'arises under federal law as contemplated by § 1331." *Greer v. Crown Title Corp.*, 216 F. Supp. 2d 519, 523 (D. Md. 2002); *see also Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 813 ("[T]he mere presence of a federal issue in a state cause of action

does not automatically confer federal-question jurisdiction."). Thus, removal was not proper on this basis.

As to diversity jurisdiction, federal courts may only hear cases where complete diversity exists between the parties, and the amount in controversy is more than $ 75, 000. 28 U.S.C. § 1332. Defendants argue that the Complaint satisfies § 1332 because the asserted damages for "a sum of $74,500.000" are in addition to Plaintiff's requests for declaratory and injunctive relief. ECF Nos. 16 & 17 at 4–7; *see* ECF No. 2 at ¶¶ 77, 80. Defendants' argument, however, belies the plain language of the Complaint, which limits Plaintiff's recovery for *all claims*, including injunctive relief, to $74,500. The Complaint reads: "Plaintiff respectfully requests the Court enter judgment . . . for actual and statutory damages and losses inclusive of attorneys' fees and costs, in a sum of $74,500, *cumulative of all claims asserted herein against all defendants*." ECF No. 2 at ¶¶ 62, 68, 78, 89 (emphasis added); *see also id.* at ¶ 79 (incorporating the preceding paragraphs into the section for injunctive relief).

"Generally, the amount requested in the complaint determines the amount in controversy," and "[w]here a plaintiff claims a specific amount in damages that is less than $75,000, removal is proper only if the defendant can prove to a legal certainty that the plaintiff would actually recover more than that if she prevailed." *Momin v. Maggiemoo's Intern., LLC*, 205 F. Supp. 506, 509–10 (D. Md. 2002); *see also Delph v. Allstate Home Mortg., Inc.*, 478 F. Supp. 2d 853, 854 (D. Md. 2007). In calculating damages, the Court must consider "the direct pecuniary value of the right the plaintiff seeks to enforce, or the cost to the defendant of complying with any prospective equitable relief." *Liberty Mut. Fire Ins. Co. v. Hayes*, 122 F.3d 1061, at *3 (4th Cir. 1997) (per curiam).

Here, Plaintiff's total pecuniary value of her claim falls under the $75,000 threshold. Plaintiff's requested  injunctive relief would invalidate the Loan which is valued at $53,178.14.[1] *See Brock & Scott, PLLC v. Newsom*, Docket No. CAEF17-11086 (Cir. Ct. Prince George's Cty.); *see also* ECF No. 17 at 6.  Further, the Complaint clearly restricts the cumulative recovery for *all claims* to no more than $ 74, 500.  ECF No. 2 at ¶¶ 62, 68, 78, 79.  Thus, even if Plaintiff were to prevail on all claims, the Complaint has, by design, limited her recovery.  ECF No. 2 at ¶¶ 62, 68, 78, 79, 89 (emphasis added).  Accordingly, the amount in controversy is not sufficient to vest this Court with subject matter jurisdiction.  Plaintiff's Motion for Remand is GRANTED.

Finally, Plaintiff seeks attorney's fees and costs that she accrued as a result of Defendants' improper removal.  ECF No. 14-1 at 7.  28 U.S.C. § 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447.  However, such awards are discretionary, and will not be granted when the removing party has an objectively reasonable basis for removal "absent unusual circumstances."  *Martin v. Franklin Corp.*, 546 U.S. 132, 136 (2005); *see also Hill Intern., Inc. v. Suffolk Const. Co., Inc.*, No. ELH-11-2645, 2011 WL 5854603, at *3 (D. Md. Nov. 21, 2011).  Because Defendants' imprecise reading of Plaintiff's Complaint, while incorrect,  was not objectively unreasonable, the Court will deny Plaintiff's request for attorneys' fees and costs.  *See Feldman's Medical Ctr. Pharmacy, Inc. v. CareFirst, Inc.*, 959 F. Supp. 2d 783, 797–98 (D. Md. 2013).

---

[1] Capital One's argument that the Court should calculate the value of the requested injunctive relief as encompassing the total value of the Property, *see* ECF No. 17 at 6, ignores fundamental principles of property law limiting a lender's interest to the amount owed by the debtor, not the total value of the collateral.  *See, e.g. Simard v. White*, 383 Md. 257, 316 (2004).

**IV.**      **CONCLUSION**

For the foregoing reasons, it is this 10th day of May, 2018, ORDERED by the United States District Court for the District of Maryland:

1.     Plaintiff MARY T. NEWSOM's Motion to Remand, ECF No. 14, is GRANTED, and Plaintiff's request for attorneys' fees and costs is DENIED;

2.     The pending motions at ECF Nos. 4, 18, and 19, are MOOT;

3.     All further proceedings are remanded to the Circuit Court for Prince George's County for further proceedings; and

4.     Copies of this Memorandum Opinion and Order shall be transmitted to the parties and the Clerk of the Court for Prince George's County, and the Clerk of Court shall transmit the record herein to the Clerk of the Circuit Court for Prince George's County; and

5.     The Clerk shall CLOSE this case.


 5/10/2018                                                              /s/
Date                                                    Paula Xinis
                                                        United States District Judge